UNITED STATES v. SILBERSTEIN, CASTELL & CO.

(Circuit Court, S. D. New York. February 27, 1907.)

No. 4,092.

1. CUSTOMS DUTIES—CLASSIFICATION—PANNE VELVETS—PLUSH.

Under Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 386, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1669], enumerating "plush" and "velvets" as subject to different rates of duty, panne velvets are subject to the former classification.

2. SAME—COMMERCIAL USAGE—DIVIDING LINE BETWEEN PLUSH AND VELVET.

No rule exists in trade or commercial usage declaring that fabrics having a pile of 3.5 millimeters or less in length should be regarded as velvets, and of over 3.5 millimeters as plush.

On Application for Review of a decision of the Board of United States General Appraisers.

For decision below, see In re Kridel et al., G. A. 6,136 (T. D. 26,-668), sustaining the importers' protests against the assessment of duty by the collector of customs at the port of New York.

The question is whether the merchandise, which consisted of so-called "panne velvets," was properly classified as "velvets," under Tariff Act July 24, 1897, c. 11, § 1, Schedule L. par. 386, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1669], or was dutiable under the provision in the same paragraph for "plush," as claimed by the importers and as was held by the Board. Subsequent to the rendition of the Board's decision above cited, another hearing on the subject was held, at which much additional evidence was introduced. But the majority of the Board held, in Re Stirn, G. A. 6,275 (T. D. 27,057), that the new evidence would not warrant a departure from the rule of the previous decision. The evidence in this latter case has, by stipulation in the Circuit Court, been consolidated with the record in the former case, so that in the present proceedings the court has had before it all the evidence which was before the Board in both the Kridel and the Stirn Cases. A full statement of each side of the controversy appears from the following extracts from the majority and dissenting opinions filed in the latter case:

"DE VRIES, General Appraiser. * * * Much testimony has been taken in addition to that taken at the time of the rendition of the decision in G. A. 6,136, and accompanies this record. Numerous witnesses having a general and uniform knowledge of trade designation appeared and testified in these cases, and the great preponderance of the testimony was that the merchandise known as 'panne velvets,' while it was bought and sold by that peculiar designation, is generally and uniformly classed by the wholesale trade as plushes. We therefore find that the merchandise * * * is generally and uniformly classed in the trade and commerce of this country as plushes. * * * An effort has been made to show that the determination of what is a plush and what is a velvet is dependent upon the particular length of the pile, whether it is greater or less than 3.5 millimeters in length. The witnesses by whom it was sought to establish this rule admitted that, while that was the rule followed in some places, it was not strictly adhered to. We are not satisfied from the evidence in these cases that there is a general uniform trade understanding in the wholesale or retail trade of this country that a pile fabric the pile of which is longer than 3.5 millimeters is a plush, and that a pile fabric the pile of which is shorter than 3.5 millimeters is known as a velvet. However commendable such a rule may be, and however desirable it may be to establish, in the determination of differences between provisions of a tariff law, a certain definite and uniform understanding in the trade, we are unable to say, from a fair reading of all the testimony in these cases, that such a rule obtains generally and uniformly throughout the wholesale trade in velvets and plushes in this country. It appears that the

rule was one adopted in France, and to some considerable extent has been followed among manufacturers in this country, but is not one which has obtained in the wholesale trade generally and uniformly throughout this country. Indeed, its general and uniform acceptance in France may be questioned seriously, when we examine the invoices before us in these cases and observe thereupon, as is true, that the so-called 'panne velvets' are, in the majority of cases, invoiced as 'peluche,' with some qualifying designation, which, in English, means plush; whereas, if the rule contended for were true, they could not be properly designated such even in France.

"HOWELL, General Appraiser (dissenting). * * * In the present case the record is materially different from the record in Kridel's Case. The importers have produced no testimony in this case further than such as was necessary to prove samples of the merchandise, but have rested solely on the record in the former case, which, at their request, has been incorporated in and made a part of this record. The government, on the other hand, has introduced the testimony of four witnesses—importers, manufacturers, and dealers in velvets and plushes in the markets of this country—and they all testified that since the introduction of panne velvets they have been, and are still, known definitely, generally, and uniformly in the wholesale trade of this country as 'panne velvets,' and that, having in mind the line drawn in the trade in this country prior to 1897 between velvets and plushes, they were within the class always dealt in as velvets. * * * Other witnesses might be quoted to show that the goods are known in the wholesale trade of this country as 'panne velvets,' but, I think it is unnecessary to set out their testimony here, for it is stated in the prevailing opinion that 'the great preponderance of testimony was that the merchandise known as "panne velvets," while it was bought and sold by that peculiar designation, is generally and uniformly classed by the wholesale trade as plushes.' As it is agreed, then, that the testimony shows that the articles are bought and sold in this country as 'panne velvets,' that, in my judgment, establishes their commercial designation as belonging to the general class of velvets; and, since there is a tariff provision which embraces these articles by their commercial designation, this fixes their status for dutiable purposes, and it is quite immaterial how the goods may be classed when judged by some other standard. The fact that the articles are known as 'panne velvets,' rather than by the single word 'velvets,' is also quite immaterial; for the addition of the adjective cannot take the articles out of the general class to which they would otherwise belong. Heller v. United States (C. C.) 124 Fed. 299. Of course, if velvets were not provided for in the tariff, and plushes were, and the articles were shown to belong to the class of plushes, then they would unquestionably be dutiable as plushes; but, since there is an eo nomine provision for velvets, and these articles are commercially known as velvets, I fail to see how they can be properly classified as plushes. It is stated in the opinion in G. A. 6,136 that 'The term "panne" is a French term, and means "ironed" or "smoothed." The term "panne velvet" means "ironed or pressed velvet," and would seem to indicate a kind of plush which, by reason of its close resemblance to velvet, is at times difficult to distinguish from it.' It is quite true that the term 'panne velvet' means 'ironed velvet,' but an ironed velvet is never a plush. The two fabrics are entirely distinct, the plush having a longer pile, which gives it an appearance decidedly different from a velvet. It is clearly shown by the testimony in this case that the chief distinction between plushes and velvets is the length of the pile of the fabric, and that the dividing line is about 3.5 millimeters; those fabrics having a pile above that length being plushes, and those having a shorter pile being velvets. The length of the pile of panne velvets is under 3.5 millimeters, and therefore, judged by this standard, they are velvets. In my opinion, the testimony is amply sufficient to justify the Board in adopting this standard, which has been the standard followed in France for some years, and is well recognized by manufacturers in this country as the line of demarkation between velvets and plushes. It is not necessary to show that in buying and selling these goods in the wholesale trade in this country the particular measurement of the pile of the fabric is mentioned; but it is sufficient to

show, as the testimony in this case does, that the commercial designation of the article is always the same, according as the pile of the fabric may be longer or shorter. This Board and the courts have frequently established lines of demarkation as convenient criteria to be followed by customs officials in determining the proper classification of goods of the same general character, but which, because of certain distinguishing features, have different trade designations, and are therefore subject to different rates of duty. In some instances the width of the goods has been the test applied, as in the cases involving the question of the proper classification of chiffon bands and veilings. Robinson v. United States (C. C.) 121 Fed. 204; United States v. Lahey, 83 Fed. 691, 28 C. C. A. 379; In re Forchheimer, G. A. 6,034 (T. D. 26,353). In other instances the price of the articles has been accepted as the criterion for determining their classification, as in the case of toy music boxes (Jacot v. United States, 65 Fed. 415, 12 C. C. A. 666), and harmonicas (G. A. 4,679; T. D. 22,096). Note, also, G. A. 5,697 (T. D. 25,355); G. A. 5,851 (T. D. 25,770); G. A. 5,948 (T. D. 26,095). My conclusion is that panne velvets are properly dutiable as velvets. If, however, the testimony is considered insufficient to establish the commercial designation of the articles as velvets, it is equally insufficient, in my judgment, to establish their commercial designation as plushes, and, as the articles are admittedly pile fabrics composed in part of silk, they are dutiable as assessed, in as much as such goods are made dutiable under paragraph 386 at the same rate as velvets."

D. Frank Lloyd, Asst. U. S. Atty.

Brooks & Brooks (Frederick W. Brooks, of counsel), for importers.

HOUGH, District Judge. A perusal of the testimony herein convinces me:

1. That it is highly desirable that an accurate line of demarkation be drawn between plush and velvet.

2. That the establishment of a rule declaring that all fabrics of the type under consideration having a pile of over 3.5 millimeters in length shall be regarded as plushes would furnish such accurate line of demarkation.

3. But no such rule exists in trade or commercial usage.

It results, therefore, that every case must be covered by opinion evidence, unsatisfactory as it is. The evidence here supports the conclusion of the General Appraisers, and their decision is therefore affirmed.